## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

William Caldwell,                        )
                                         )
                Plaintiff,               )
                                         )
        v.                               )        Civil Action No. 25-964-CFC-SRF
                                         )
Det. Logan Spicer, Det. Dale Starke,     )
Det. Thomas Ford, Ofc. William Miller    )
Det. Robert Cunningham,                  )
                                         )
                Defendants.              )

## REPORT AND RECOMMENDATION

Plaintiff William Caldwell ("Plaintiff"), an inmate housed at Sussex Correctional

Institution ("SCI"), filed this action on August 1, 2025, alleging violations of his constitutional

rights under the Fourth, Fourteenth, and Eighth Amendments pursuant to 42 U.S.C. § 1983.[1]

(D.I. 3 at 2) Plaintiff appears *pro se* and has been granted leave to proceed *in forma*

*pauperis.* (D.I. 6) Presently before the court is the Fed. R. Civ. P. 12(b)(6) motion to dismiss for

failure to state a claim filed by two of the five named defendants, Thomas Ford ("Ford") and

William Miller ("Miller") (collectively "State Defendants"), both Delaware State Police

Troopers.[2] (D.I. 18)[3] For the following reasons, I recommend that the court GRANT State

Defendants' motion to dismiss.

---

[1] When bringing a Section 1983 claim, a plaintiff must allege a deprivation of a federal right and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).
[2] Logan Spicer ("Spicer"), Dale Starke ("Starke"), and Robert Cunningham ("Cunningham") (collectively, the "Dover Detectives") are also defendants in this action. (D.I. 3 at 3-4)
[3] Briefing associated with this pending motion is found at D.I. 18, D.I. 28, and D.I. 29.

1

## I.    BACKGROUND[4]

On August 1, 2025, Plaintiff brought this civil rights action against five police officers, alleging unlawful arrests and detention by both the Dover Police and Delaware State Police. (D.I. 3 at 5-6)  Plaintiff was arrested by the Dover Police on November 14, 2023, and charged with possession of a firearm during commission of a felony and assault on an officer, among other charges.  (*Id.* at 7)  On November 14, 2023, while he was in the custody of the Dover Police, Plaintiff alleges that Dover Police Detective Starke called the State Police, asking whether they had a suspect in a shooting that occurred on November 11, 2023, at Webbs Lane in Dover, Delaware (the "Webbs Lane Incident").  (*Id.* at 8)  Starke spoke with Ford, who was the "lead [State] Detective in the Webbs Lane incident."  (*Id.*)

Ford allegedly indicated that he did not have a suspect yet and was not familiar with Plaintiff.  (*Id.*)  Plaintiff contends that, after the call, Ford amended his police report to state that he spoke with Starke on November 13, 2023, who learned from a confidential informant that Plaintiff was a potential suspect in the Webbs Lane Incident. (*Id.* at 8-9)  Additionally, upon arrest by the Dover Police, Plaintiff was found in possession of a gun that matched the caliber of gun allegedly used in the Webbs Lane Incident. (*Id.* at 10)  In addition, Ford interviewed two victims of the Webbs Lane Incident on the night of November 11, 2023.  (*Id.* at 9)  On November 29, 2023, Plaintiff was charged in connection with the Webbs Lane Incident. (*Id.* at 10)

---

[4] Although Plaintiff provides additional detail and exhibits in his Answer to State Defendants' motion to dismiss, Third Circuit authority limits factual allegations on a motion to dismiss to only those in the complaint. *See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss"); *see also Snider v. Pennsylvania DOC*, 505 F. Supp. 3d 360, 382 n. 33 (M.D. Pa. 2020) (applying the limitation to a *pro se* plaintiff).

DNA and shell casing analysis of the firearm recovered from Plaintiff's possession were later determined to be inconclusive with respect to the Webbs Lane Incident. (*Id.* at 9-10) Plaintiff was never convicted on charges related to the Webbs Lane Incident.[5] (*Id.* at 11)

Plaintiff brings his claims under the Fourth, Eighth, and Fourteenth Amendments, alleging that he was subject to unlawful search and seizure, false detention, and excessive bail. (*Id.* at 5-7, 10-11)

On February 24, 2026, State Defendants filed the instant motion to dismiss. (D.I. 18) The motion is fully briefed and ready for review.

## II.    LEGAL STANDARD

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). A plaintiff must plead facts sufficient to show that a claim has "substantive plausibility." *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A

---

[5] The complaint does not clearly assert how charges pertaining to the Webbs Lane Incident were concluded, pleading both that "[o]nly when I was taken to trial after I declined my final plead offer which contained these charges consistent with the November 11, 2023 incident was [*sic*] these charges dismissed for insufficient evidence" and "[t]his case was dropped on March 19, 2025." (D.I. 3 at 11)

complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 786-87.

The court is not obligated to accept as true "bald assertions" or "unsupported conclusions and unwarranted inferences." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). Instead, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

## III.    DISCUSSION

The court recommends GRANTING State Defendants' Motion to Dismiss. (D.I. 18) The only allegation in the complaint pertaining to Miller is that Miller was the supervisor who

4

approved Ford's fabricated report. (D.I. 3 at 12)[6]  To prevail on a Section 1983 claim, a plaintiff must show that a person (or persons), acting under color of law, deprived him of a constitutional right. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Thomas v. Tice*, 943 F.3d 145, 149 (3d Cir. 2019). There are no factual allegations against Miller in support of a cause of action against him, and Plaintiff has not presented any arguments in his answering brief with respect to Miller's dismissal. (D.I. 18; D.I. 29)

Plaintiff alleges that Ford fabricated an investigative report (*Id.* at 8-9) and maliciously and recklessly charged him in connection with the Webbs Lane incident despite the absence of any evidence linking him to the crime. (*Id.* at 10)

Plaintiff makes numerous accusations that Ford's police report was false. (D.I. 3 at 8-9, 12)  However, Plaintiff alleges no facts suggesting that Ford fabricated the report.

In order to satisfactorily plead a "[Section] 1983 action for false arrest," Plaintiff must allege facts that show Ford "'knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant;' and (2) that 'such statements or omissions are material, or necessary, to the finding of probable cause.'" *Wilson v. Russo*, 212 F.3d 781, 786-87 (3d Cir. 2000) (quoting *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997)).  Probable cause can be established "[i]f at the moment the arrest was made . . . the facts and circumstances within [the defendant's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in

---

[6] "[A] supervisor may be personally liable under Section 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (citing *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995)).

believing that the plaintiff had violated the law." *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 789 (3d Cir. 2000) (internal quotations and citations omitted).

Plaintiff's own allegations contradict any claim that Ford arrested Plaintiff or caused an arrest warrant to be issued based upon a false application. Plaintiff admits that Starke informed Ford that, when the Dover Police Department arrested Plaintiff, Plaintiff possessed the same or a similar firearm as the one used in the Webbs Lane Incident. (*Id.* at 8–9)  Plaintiff further alleges that he was found in possession of a .380 caliber handgun and that a .380 caliber handgun was used in the Webbs Lane Incident. (D.I. 3 at 9)  Further, Plaintiff claims that Ford interviewed two victims from the Webbs Lane incident. (*Id.*) *See Merkle*, 211 F.3d at 789; *Livingston v. Allegheny Cnty.*, 400 F. App'x 659, 665-66 (3d Cir. 2010) (finding probable cause based on interviews of victims and a witness, despite plaintiff's claims that the police did not conduct a thorough investigation).[7] Thus, Plaintiff's own allegations undermine any claim of wrongdoing by Ford and, more specifically, fail to allege any federal claim under Section 1983.

The court need not address State Defendants' qualified immunity arguments because Plaintiff has failed to state a plausible claim under Section 1983. Accordingly, I recommend that the court GRANT State Defendants' motion to dismiss without prejudice.

---

[7] Plaintiff makes numerous claims that State Defendants could have done more to investigate. (D.I. 3 at 9) However, the Third Circuit has held that police are "not required to undertake an exhaustive investigation in order to validate the probable cause that, in [their] mind, already existed." *Merkle*, 211 F.3d at 790 n. 8.

## IV.     CONCLUSION

For the reasons discussed above, I recommend that the court issue an Order in the form set forth below:

### ORDER

At Wilmington this __th day of _____, 2025, IT IS ORDERED that:

1.     The Report and Recommendation issued on _____, 2026 is **ADOPTED**.

2.     Defendants Thomas Ford and William Miller's motion to dismiss for failure to state a claim is **GRANTED** without prejudice pursuant to Fed. R. Civ. P. 12(b)(6).  (D.I. 40)

3.     Plaintiff is granted leave until on or before _____, 2026 to file an amended complaint remedying the deficiencies noted in the Report and Recommendation.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.  Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation.  Fed. R. Civ. P. 72(b).  The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court and the loss of certain appellate rights.  *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: August 10        , 2026

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

7